**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 17 B 25014 |
| ADRIENNE L. BUTLER, | ) | |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | ) | |
| _____ | ) | |
| | ) | |
| ADRIENNE L. BUTLER AND | ) | |
| JUAN J. JACKSON, | ) | |
| | ) | Adv. No. 22 A 189 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge David D. Cleary |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Adrienne L. Butler ("Butler") and Juan J. Jackson ("Jackson" and collectively, "Plaintiffs") filed an adversary proceeding against the City of Chicago ("City"). In their amended complaint ("Amended Complaint"), Plaintiffs seek relief on four causes of action brought under the following sections of the Bankruptcy Code: 11 U.S.C. §§ 362(a)(2), (a)(4) and (a)(6), as well as § 542. The City filed a motion to dismiss ("Motion") all four counts of the Amended Complaint. The court entered a briefing schedule, and the parties timely filed their response ("Response") and reply ("Reply"). The City filed a surreply ("Surreply"), to which Plaintiffs filed a response ("Surreply Response"), and the City later filed a second surreply ("Second Surreply"). The court then took the matter under advisement.

Having reviewed the papers submitted, the court will grant the Motion as to all four counts of the Amended Complaint.

## I.      JURISDICTION

The court has subject matter jurisdiction under 28 U.S.C. § 1334 and the district court's

Internal Operating Procedure 15(a). Venue is proper under 28 U.S.C. § 1409(a).

## II.      BACKGROUND

In resolving a motion to dismiss, the court considers well-pleaded facts and the

reasonable inferences drawn from them in the light most favorable to the plaintiff. *See Reger*

*Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Every allegation that is well-

pleaded by a plaintiff is taken as true in ruling on the motion. *See Berger v. Nat'l Collegiate*

*Athletic Ass'n*, 843 F.3d 285, 289-90 (7th Cir. 2016). For purposes of deciding this motion, the

court accepts well-pleaded allegations from the Amended Complaint as true and takes judicial

notice of papers filed on the docket for this proceeding as well as in the bankruptcy cases filed by

Plaintiffs.

On March 31, 2017, Jackson filed for relief under chapter 13 of the Bankruptcy Code,

commencing case number 17 B 10409 (the "Jackson 2017 Case"). The court confirmed

Jackson's chapter 13 plan on July 11, 2017.

On the day he filed the Jackson 2017 Case, Jackson was the registered owner of a 2004

GMC Yukon XL ("Yukon"). He listed the Yukon on Schedule B.

Jackson and Butler lived together as boyfriend and girlfriend. Jackson gave Butler

permission to drive the Yukon back and forth to work and school and to retain possession of the

Yukon on a daily basis.

On August 17, 2017, the City impounded the Yukon for parking tickets and claimed a

possessory lien against it. The next day, Jackson demanded release of the Yukon. The City had

notice of the Jackson 2017 Case because he had informed it of the filing.  The City had filed a proof of claim in his case on April 3, 2017.

The City refused to return the Yukon unless Butler paid her parking tickets.

On August 21, 2017, Butler filed for relief under chapter 13 (the "Butler 2017 Case"). She did not list an interest in the Yukon on Schedule B.  In answer to Question 10 on her SOFA, which asks whether any of her property was repossessed or seized within one year before filing for bankruptcy, she checked "no."  She listed the City on Schedule F with a claim against her in the amount of $2,500 for "tickets."

Shortly after Butler filed the Butler 2017 Case, she and Jackson demanded that the City release the Yukon.  At the time of their demand, Butler informed the City of her bankruptcy filing and that Jackson had granted permission to her to receive, possess and use the Yukon on a daily basis.

In response to Plaintiffs' demand for release, the City insisted on payment of a prepetition debt in the amount of $2,600.  The City neither sought nor obtained approval from the bankruptcy court for its refusal to release the Yukon, nor for its demand of payment of a prepetition debt.

Plaintiffs paid the City $2,600.  Butler contributed $1,000 to this payment and Jackson paid the balance.  The City's actions caused Butler to lose wages and caused both Plaintiffs to suffer emotional distress.

Butler filed a motion to voluntarily dismiss the Butler 2017 Case two days after filing the petition.  On August 30, 2017, the court granted her motion and dismissed her case.  After the chapter 13 Trustee filed his final report and account, the court closed the Butler 2017 Case on October 3, 2017.

The chapter 13 Trustee filed a motion to dismiss the Jackson 2017 Case for failure to make plan payments on April 4, 2018.  The court granted the Trustee's motion on April 24, 2018, and dismissed his case.  After the chapter 13 Trustee filed her final report and account, the court closed the Jackson 2017 Case on June 26, 2018.

Butler and Jackson filed a complaint commencing this adversary proceeding on November 26, 2022.  Butler then filed case number 22 B 14184 on December 8, 2022 (the "Butler 2022 Case").  On December 30, 2022, the City filed a motion to reopen the Butler 2017 Case.  The motion was granted in part, reopening the Butler 2017 Case and stating that a separate order would be entered reassigning the case to the undersigned.  The court closed the Butler 2017 Case again on January 20, 2023.  The Butler 2022 Case remains open.[1]

## III.   DISCUSSION

### A. The court will grant the motion to dismiss Counts I, II and III because those claims for relief must be brought by motion rather than adversary proceeding

#### 1.  Scope of 11 U.S.C. § 362

Only Butler seeks relief in the first three counts of the Amended Complaint, based on the City's alleged violation of three sections of 11 U.S.C. § 362:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of-- …

---

[1] When she filed the Butler 2022 Case on December 8, 2022, Butler did not list any claim relating to this adversary proceeding in Schedule B (Case No. 22 B 14184, EOD 1.)  She filed an amended Schedule B on February 27, 2023, disclosing a claim against the City and valuing it at $1,200.  (*Id.*, EOD 24.)  Although she had filed this adversary proceeding just twelve days before filing the Butler 2022 Case, when asked in Question 9 on her Statement of Financial Affairs whether she was a party in any lawsuit within one year before filing for bankruptcy, Butler answered "no."  (*Id.*, EOD 1.)  As she had done with Schedule B, Butler filed an amended Statement of Financial Affairs on February 27, 2023, and disclosed the proceeding against the City.  (*Id.*, EOD 25.)  On March 3, 2023, the court confirmed Butler's chapter 13 plan in the Butler 2022 Case.  The Jackson 2017 Case remains closed.  Jackson has since filed five subsequent bankruptcy cases, the most recent of which was dismissed on August 16, 2023.

4

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; …

(4) any act to create, perfect, or enforce any lien against property of the estate; [and] …

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title[.]

Section 362(k) provides the statutory basis for seeking relief from the court when there is a violation of the automatic stay: "[A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."  11 U.S.C. § 362(k).

Among the reasons the City seeks dismissal of Counts I, II and III is that it did not violate the automatic stay, and therefore no claim for relief is stated.  Before the court can consider whether Butler has stated a claim for relief, however, the court must determine whether that claim is properly before the court.

### 2. Disputes brought to the bankruptcy court are either contested matters or adversary proceedings

Part VII of the Federal Rules of Bankruptcy Procedure applies to adversary proceedings, which are essentially lawsuits brought within a bankruptcy case.  Fed. R. Bankr. P. 7001 defines what matters are adversary proceedings:

1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002;

(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, but not a proceeding under Rule 3012 or Rule 4003(d);

(3) a proceeding to obtain approval under § 363(h) for the sale of both the interest of the estate and of a co-owner in property;

(4) a proceeding to object to or revoke a discharge, other than an objection to discharge under §§ 727(a)(8), (a)(9), or 1328(f);

5

(5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;

(6) a proceeding to determine the dischargeability of a debt;

(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

(8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;

(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or

(10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. § 1452.

"All disputes in bankruptcy are either adversary proceedings or contested matters[.]" *Matter of Am. Reserve Corp.*, 840 F.2d 487, 488 (7th Cir. 1988) (citation omitted).  Therefore, if a party seeks relief that is not governed by Fed. R. Bankr. P. 7001, that request is a contested matter and "relief shall be requested by motion[.]"  Fed. R. Bankr. P. 9014(a).  *See In re Dynegy, Inc.*, 770 F.3d 1064, 1069 (2d Cir. 2014) ("An adversary proceeding must fall within one of the ten categories defined in Bankruptcy Rule 7001. The proceeding here does not fit within any of those categories; therefore it must be a contested matter.").

### 3. A dispute brought before the court seeking relief under § 362 is a contested matter and must be brought by motion

A request for an award of damages under § 362(k) is not one of the ten enumerated matters that Rule 7001 requires to be brought by adversary proceeding.  Therefore, a request made under § 362(k) must be brought by motion.  "A motion for sanctions under § 362(h) [since recodified at § 362(k)] is a contested matter that is governed by Bankruptcy Rule 9014." *Matter of Smith*, 111 F.3d 133 (7th Cir. 1997) (unpublished).  Although there are published decisions that considered requests under § 362(k) in the context of an adversary proceeding,

6

[t]he Court rejects this argument and will follow the cases that hold that damages requested for a stay violation may be recovered by motion as a contested matter under Federal Rule of Bankruptcy Procedure 9014. *See Standard Indus., Inc. v. Acquila, Inc. (In re C.W. Mining Co.)*, 625 F.3d 1240, 1246 (10th Cir. 2010) (finding that because Fed. R. Bankr. P. 9020 provides that Bankruptcy Rule 9014 governs a contempt motion, a debtor may pursue a stay violation by contempt motion and need not file an adversary proceeding); *Buckeye Check Cashing, Inc. v. Meadows (In re Meadows)*, 396 B.R. 485, 498 (6th Cir. BAP 2008) (stating that actions brought to recover damages for stay violations are brought by motion, with attorney's fees expressly allowed under § 362(k)); *Johnson v. RJM Acquisitions, LLC*, No. 11–CV–601–W DS, 2012 WL 930386, at *5 (S.D. Ill. Mar. 19, 2012) (noting that a motion for sanctions under § 362(h), which was redesignated as § 362(k) in 2005, is a contested matter governed by Bankruptcy Rule 9014); *Patton v. Shade*, 263 B.R. 861, 865 (C.D.Ill.2001) (same); *In re Ballard*, 502 B.R. 311, 313–23 (Bankr. S.D. Ohio 2013) (same).

*In re Sori*, 513 B.R. 728, 732, n. 2 (Bankr. N.D. Ill. 2014).

For the reasons stated above, the court will grant the City's motion to dismiss Counts I, II and III.

## B. The court will grant the motion to dismiss Count IV

### 1. Plaintiffs' claim under § 542

The final count of the Amended Complaint seeks relief for both Butler and Jackson based on 11 U.S.C. § 542(a):

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, ***and*** account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a) (emphasis added).

Plaintiffs assert that this Code section requires the turnover of property of the estate to a debtor upon the filing of a chapter 13 case. When the City declined to turn over the Yukon, it "willfully violated" this section. Plaintiffs seek damages for the loss of possession, use and control of the Yukon during the period when the vehicle should have been turned over, as well as

attorneys' fees, costs and "whatever additional relief is just and proper." This claim appears to be a request to find the City in contempt for violating the requirement in § 542 that it deliver the Yukon immediately after the bankruptcy filing.

Section 542 states that the entity in possession of property that the trustee may use or that the debtor may exempt ***shall deliver*** that property and ***also account for*** that property. The City has already turned over the Yukon. Since the City already returned the vehicle, Plaintiffs state in their Response that "in Count IV, plaintiffs assert their statutory and equitable causes of action for an accounting for the value of the loss of their property, a claim expressly granted to them by section 542 and recognized by the Seventh Circuit and the lower courts." Response, p. 4.[2]

As the City points out in its Reply, "Plaintiffs have muddled their request for relief under § 542(a)." Reply, p. 1. The court will address both interpretations of Plaintiffs' Count IV claim.

**a. To the extent Plaintiffs seek damages for the City's failure to turn over the Yukon immediately, this claim must be brought by motion**

Plaintiffs allege that § 542 requires turnover of property of the estate upon the filing of the bankruptcy case and that the City willfully violated the turnover requirement of § 542. The parties devoted a significant amount of argument to asking the court to determine whether the turnover requirement is self-executing or not, including the Surreply, the Surreply Response and the Second Surreply.

The obligation to deliver qualifying property under § 542 is mandatory. Compliance with the turnover requirement of § 542 should occur without the necessity of a court order. *See* 5

---

[2] In support of this statement, Plaintiffs cite *In re Veluchamy*, 879 F.3d 808 (7th Cir. 2018). In *Veluchamy*, the Circuit found no error when a lower court ordered individuals who held property (jewelry) belonging to the estate to turn over either the property or the equivalent cash value. "To the extent that the jewelry is not available to be returned, the senior Veluchamys would be required to pay its value – as listed in the insurance policies – to their bankruptcy estate." *Id.* at 820. *Veluchamy* does not discuss a claim for the value of a *temporary* loss of possession between the date of the filing of the petition and the date of turnover. Neither does the lower court case cited by Plaintiffs. *See Cordova v. City of Chicago* (*In re Cordova*), 635 B.R. 321, 350 (Bankr. N.D. Ill. 2021).

Collier on Bankruptcy ¶ 542.02 (16th 2023) ("The turnover requirement is an affirmative duty that arises upon the filing of the bankruptcy petition.") (footnote omitted).  There are exceptions to the mandatory obligation, which are found within this section.  First, an entity need not turn over property that is "of inconsequential value or benefit to the estate."  The other two exceptions are found in § 542(c) (transferring the property in good faith due to lack of notice and knowledge of the case) and in § 542(d) (the entity holding the property is a life insurance company).

While the **obligation** to turn over qualifying property is automatic, **enforcement** of that requirement is not.  If the entity in possession of property does not turn it over, or does not respond to informal requests, a debtor usually brings an adversary proceeding seeking turnover. *See City of Chicago, Illinois v. Fulton*, 141 S. Ct. 585, 592 (2021) (Sotomayor, J., concurring) (the Court has not "addressed how bankruptcy courts should go about enforcing creditors' separate obligation to 'deliver' estate property to the trustee or debtor under § 542(a)"). *Cf. Matter of Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990) ("A turnover action is an adversary proceeding which must be commenced by a properly filed and served complaint.").  This process provides the defendant with the opportunity to present any defenses, based on the language of § 542 or other sections of the Bankruptcy Code, that would excuse it from the obligation to turn over property.

Clearly, Plaintiffs cannot be seeking turnover through Count IV; the City has already given them the Yukon.[3]  To the extent Plaintiffs' claim for relief seeks a finding of contempt for the City's failure to comply with § 542 and to turn over the Yukon immediately, that claim is not properly brought by adversary proceeding.  A request for a finding of contempt is brought by

_____

[3] The Amended Complaint does not allege that the City returned the vehicle after receiving payment, but the parties assume it in their briefs.

9

motion.  A motion for civil contempt must comply with Local Bankruptcy Rule 9020-1, which

Plaintiffs have not done.  In any such motion, Plaintiffs must address not only their request for

turnover, but also the exceptions provided in the statute.  For example, if Jackson gave Butler

permission to use the Yukon on a daily basis, was the Yukon then of inconsequential value and

benefit to his estate?  Or, if Butler did not list any interest in the Yukon on her Schedule B, is it

property that she could exempt, and which an entity would be required to turn over?

### b.  To the extent Plaintiffs seek an accounting for the value of the temporary loss of property, they do not state a claim for relief

Section 542(a) requires that an entity holding property that the trustee may use or the

debtor may exempt must "deliver … and account for" that property.  As the Supreme Court

noted in *Fulton*, the requirement that an entity "account for … the value of" property applies "if

the property is damaged or lost." *Fulton*, 141 S. Ct. at 591.  Plaintiffs did not allege in the

Amended Complaint that the Yukon was damaged or lost, only that there was a delay in the time

between their demand for turnover and the time the City returned the vehicle.

Moreover, Plaintiffs' bankruptcy cases were dismissed shortly thereafter.  Pursuant to 11

U.S.C. § 349(b), "[u]nless the court, for cause, orders otherwise, a dismissal of a case other than

under section 742 of this title-- … (2) vacates any order, judgment, or transfer ordered, under

section 522(i)(1), 542, 550, or 553 of this title[.]"  Even if the court had entered an order under §

542 during Plaintiffs' bankruptcy cases to account for their loss of use and possession, that order

would have been vacated at dismissal.  As the City argued in its Reply, when the court dismissed

Plaintiffs' bankruptcy cases, § 349 "relieved the City of any duty under § 542 that may have

existed during the case and certainly shows there is no continuing duty now years after the case

was dismissed."  Reply, pp. 5-6.  *See In re Murray*, No. 21-12848, 2022 WL 1714623, at *8

(E.D. Mich. May 27, 2022) ("as Safir Law points out in its brief, any turnover claims did not

10

survive dismissal of the 2016 Chapter 13 Case"), *aff'd*, No. 22-1514, 2023 WL 2682372 (6th Cir. Mar. 29, 2023).

After dismissal, there is no basis under § 542 to bring a claim for an accounting. Therefore, Plaintiffs have not stated a plausible claim for relief for an accounting under § 542.

2. **Dismissal of Plaintiffs' bankruptcy cases did not eliminate a claim for civil contempt for failure to comply with the turnover requirement.**

To the extent that Plaintiffs seek an order to enforce § 542, the City correctly stated that dismissal relieved it of any duty to comply with that section. According to § 349, dismissal vacates any order under § 542.

If Plaintiffs seek a finding of civil contempt for the City's failure to comply with § 542 during the bankruptcy case, however, that request requires a different analysis. Such a motion would not be a request to enforce the provisions of § 542, but instead a remedy for failure to comply with those provisions.

The court need not determine at this time whether any such motion would be well-taken.

3. **Closing the bankruptcy cases did not eliminate Plaintiffs' ability, if any, to seek a finding of contempt for failure to turn over property**

In its Reply, the City argues that because both Jackson's and Butler's bankruptcy cases were dismissed and closed, relief under § 542 is not available to them. Section 542 applies to cases pending under chapters 7, 11, 12 and 13. *See* 11 U.S.C. § 103(a). And, since both cases were dismissed and closed, chapter 5 ceases to apply. *See* Reply, p. 4.

Further, since those cases have been dismissed, the City contends that Plaintiffs cannot stand in the shoes of the chapter 13 trustee because there no longer is a chapter 13 trustee who could assert claims. *Id.* Nor are they debtors under the Bankruptcy Code. Therefore, they have no right to assert a claim under § 542. And, without a bankruptcy estate, any property held by

11

the City consequently must be of "inconsequential value or benefit to the estate," which is an exception to the turnover requirement. *Id.*, pp. 4-5.

The validity of these arguments need not be decided because, as the court stated above, there is no basis for a claim for relief seeking an accounting under § 542. Whether the Plaintiffs can assert a claim for contempt is not properly before the court in this adversary proceeding. A contested matter, not an adversary proceeding, is the appropriate vehicle to pursue such relief.

### IV.    CONCLUSION

Counts I, II and III will be dismissed because those claims for relief must be brought by motion rather than adversary proceeding. Count IV will be dismissed because any claim for contempt based on failure to immediately turn over the Yukon must be brought by motion, and because the Amended Complaint does not plausibly allege a claim for an accounting under § 542. Even if it did plausibly allege a claim for an accounting under § 542, dismissal of the underlying bankruptcy cases precludes relief under that section of the Bankruptcy Code.

For all of the reasons stated above, the court will enter an order, consistent with this memorandum opinion, granting the City's motion to dismiss.

ENTERED:

Date:   September 19, 2023

DAVID D. CLEARY
United States Bankruptcy Judge